CORREA, PLAINTIFF AND APPELLANT, *v.* CORREA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action of Unlawful Detainer.

No. 3047.—Decided July 18, 1923.

UNLAWFUL DETAINER—REVENDICATION.—Actions of revendication and actions of unlawful detainer are defined and distinguished in the opinion.

ID.—OWNERSHIP.—Questions of ownership can not be considered in an action of unlawful detainer.

The facts are stated in the opinion.

*Mr. A. Fiol Negrón* for the appellant.

*Messrs. R. Martínez Nadal, Tormes* and *Colón* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action of unlawful detainer.

The plaintiff alleged in her amended complaint that she was the owner of a certain lot which the defendant was occupying at sufferance, without any right, without paying any rent and against the will of the plaintiff, praying for a judgment ordering "the defendant to vacate and leave at the free disposal of the plaintiff the lots occupied by him belonging to the said plaintiff as a part of the property described in the second count of this complaint, and that if he should fail to do so within the time allowed by law then the marshal of this court be directed to evict the defendant from the said property and remove the houses of which he is in possession."

. The defendant denied the allegations of the complaint and in turn alleged that the houses held by him under a lease belonged to The People of Porto Rico and that if it was true that the said houses were situated on the lot of which the plaintiff claimed to be the owner, the plaintiff should have brought the action against The People of Porto Rico and not against him.

The hearings provided for by law were held and the court

decided the case against the plaintiff, who took the present appeal.

The evidence for the plaintiff consisted of a deed showing that she is the owner of a lot having the same dimensions and boundaries as that described in the complaint and of the testimony of the plaintiff and Esteban Pérez. The plaintiff and her witness testified that the defendant has three houses on the plaintiff's lot and that he is occupying the lot and the houses against the will of the plaintiff and has refused to remove the said houses from the lot. The evidence for the defendant consisted of a contract by which The People of Porto Rico leased to him, among other properties, the three houses in question for a period of five years, it being stated in the said contract that The People of Porto Rico is the owner of the houses; of the testimony of the defendant corroborating the contents of the contract, and of the original complaint in this case wherein the plaintiff alleged that the houses belonged to The People of Porto Rico.

Such being the pleadings and the evidence, we think that there is no sufficient ground for reversing the judgment of the trial court. Based on the defendant's evidence the court could conclude that the houses belonged to The People of Porto Rico and that inasmuch as the prayer of the complaint was not that the defendant should personally leave the lot at the plaintiff's disposal but that he should remove the houses in question, and in case of his failure that the marshal should do so, the real party in interest was The People of Porto Rico and its consent not having been obtained, the action could not be proceeded with, in accordance with the well settled rules of law and jurisprudence.

The appellant insists in her brief that even admitting that The People of Porto Rico owns the houses, her right is clear, citing in support of this contention the following from Corpus Juris:

"Except in those cases which fall within one of the qualifications of

the general rule that ejectment lies only against a defendant in possession, the action must be brought against the person in actual possesion of the land. Thus the action cannot be maintained against the real owner alone where the land is in possession of a tenant, but must be brought against the tenant in possession.'' 19 C. J. 1073.

''At common law, and in the absence of a statute changing the rule, the action can be maintained only against the person in actual possession of the land; and no other person is either a necessary or a proper party defendant.'' 19 C. J. 1093–4.

Without stopping to consider the importance of these citations, it will suffice to say that they refer to actions of ejectment and not of unlawful detainer. In the English text of the Unlawful Detainer Act the action is properly called unlawful detainer. The actions of ejectment and of unlawful detainer are distinct.

Referring to ejectment, Corpus Juris says:

''Ejectment has been defined as 'an action to recover immediate possession of real property'; 'a possessory action'; 'an action to try the right of possession to the land in controversy'; 'a remedy for one who claiming paramount title is out of possession.' It has also been defined as 'a possessory action ex delicto, founded upon a trespass, actual or supposed, committed by defendant in wrongfully obtaining possession of plaintiff's land.' '' 19 C. J. 1028.

On unlawful detainer Cyc. says:

''*Unlawful Detainer.* The unjustifiable retention of the possession of lands by one whose original entry was lawful and of right, but whose right to the possession has terminated and who refuses to quit, as in the case of a tenant holding over after the termination of the lease and in spite of a demand for possession by the landlord.'' 39 Cyc. 835.

In the case of *Buettinger* v. *Hurley,* 9 Pac. 179, 198, the Supreme Court of Kansas expressed itself as follows:

''Neither is the action of unlawful detainer and that of ejectment the same action, or the same kind of action, either in substance or in form. The first is by a person who claims the possession only

of the real property, and who founds his right to recover the pos-session solely upon a prior possession, constructive or actual, in himself or grantor, and against a person who cannot or who has not the right to set up any right of possession as against the plaintiff, and no question of title or estate can be litigated in the case; while the second action is to recover an estate, legal or equitable, in the real property, with the title and the incidental right of possession; and the two cases must be brought in dif-ferent forums, and presented to the courts by very dissimilar pleadings.''

In Porto Rico the remedy for recovery of possession or to quiet disturbed possession is given by special Act No. 43 of 1913, amended by Act No. 11 of 1917, and the remedy for the recovery of ownership is the action of ejectment. The right of *ouster* is consecrated in the substantive law among the prescriptions relative to the ''rights and obligations of the lessor and lessee'' and the assertion of that right is regulated by the special law on the matter approved in 1905, section 2 of which reads as follows:

''The action of unlawful detainer will lie against the tenants, settlers (colonos), and other lessees of property, and against the ad-ministrators, agents, keepers, or guards placed in charge of the property by the owner thereof, or any other person who retains the material possession thereof or enjoys the same by sufferance, without paying any rental or other consideration whatever.''

The defendant is not a tenant, settler or lessee of the plaintiff. Nor did she place him in charge as administrator, agent, keeper or guard of the property in question. Can it be said that he is detaining or enjoying the property at sufferance, which is the real contention of the complaint?

Detention, according to Escriche, is ''the tenancy or pos-session of a thing in the name of another'' and a detainer, according to the same authority, is ''one who has or possesses a thing in the name of another, as a pawnbroker, a depository and others, who may resort to the courts against those who disturb their detention.''

Detainer at sufferance "in its strictest sense is a loan revocable at the will of the lender, and is also taken to mean everything of which possession is held in the nature of a loan and at the owner's will; thus possession is called *at sufferance* when meaning that such possession is nothing but the effect of the tolerance of the owner and can vest no right in the possessor." *Cerra* v. *González*, 29 P. R. R. 270, 271-2, citing Escriche.

It is enough to consider the meaning of the words detention and detainer at sufferance to conclude that in using them the legislators intended to include therein all possible kinds of relations between the owner of a property and those who have entered into possession thereof and hold it in his name by virtue of a contract or by mere tolerance, or as trespassers, whether paying rent or not, and who could not be included in the words tenant, settler, lessee, administrator, agent, keeper or guard, and the evidence in this case has not shown any of such relations between the plaintiff and the defendant, or any other relations derived therefrom or independent that could be considered as coming within the spirit of the law. The defendant took possession of the houses and naturally of the land on which they are built by virtue of a lawful contract with the owner of the houses and there is no showing that he had any knowledge of the alleged right of the plaintiff as owner of the land. The controversy apparent in this case is one of ownership of the land between The People of Porto Rico and the plaintiff and without considering the question of consent, the issue is not one that can be properly discussed and settled in a summary action of unlawful detainer, as we have often held.

The judgment appealed from must be

*Affirmed.*

Justices Hutchison and Franco Soto concurred.

Mr. Justice Aldrey concurred in the judgment.

Mr. Justice Wolf took no part in the decision of this case.